PEOPLE *ex rel.* LEARY v. LANE, justice, etc.

*Landlord and tenant — summary proceedings — summons, when returnable.*

In proceedings under the statute, relative to summary proceedings to recover the possession of land, against a tenant holding over, the summons, in certain cases, may be made returnable in less than three days; but when so returnable, it must be on the same day it issues. A summons returnable the next day after it is issued is void.

CERTIORARI to Thaddeus H. Lane, justice of the district court of the city of New York, for the sixth judicial district, requiring him to send to this court the record in a proceeding before him, wherein he issued a warrant in favor of C. Enue Johnson & Co., landlords, against the relator as tenant, for the removal of the relator from certain premises in the city of New York, which premises it was claimed that relator occupied as their tenant, and wrongfully held over and continued in possession of after the "tenancy" had been terminated.

The affidavit on which the proceeding was based showed that the relator originally occupied the premises from May 1, 1869, to May 1, 1871, under a lease thereof to her for two years, *also that such occupancy during that period was at the will of the landlord,* and that on the 30th of April, 1871, the tenancy was determined. It further showed that, on October 14, 1873, a notice from the landlords was served on relator, requiring her to remove from said premises on or before the 14th of November, 1873, and that relator notwithstanding holds over.

On the 18th of November, 1873, the respondent issued his summons upon that affidavit, *returnable the next day* at ten o'clock in the forenoon, requiring the relator to show cause at that time, as is usual in cases of tenants holding over without permission.

There was no appearance on behalf of the relator in the said proceedings, except for the special purpose of objecting to the jurisdiction of the justice, and on the 22d of November, 1873, upon proof of service of summons on relator, the justice rendered judgment in favor of the landlord, and issued his above-mentioned warrant to carry the same into effect, and the same was executed on the day of its issue by dispossession of the relator and the putting the landlord into full possession.

*Ely & Smith*, for relator. The affidavit was insufficient and fatally defective. 20 Wend. 103; id. 23; 6 Hill, 317; 1 N. Y. Stats. at Large, 695, § 1. The return day was improperly *fixed*. Laws of 1868, chap. 828.

*Charles L. Halberstadt*, for respondent.

DONOHUE, J. Assuming that the affidavit makes out a case on which the justice might issue his summons, the facts appear to be, that the tenancy expired on the 14th of November. On the 18th of that month, the justice issued a summons returnable on the 19th, and on the return of that summons, showing a service on the 18th, under the objection of the tenant, who appeared only for the purpose of objecting that the summons should have been returnable on the day it was served, or more than one day thereafter, the justice granted his warrant, and the tenant was removed. The tenant brings the case here for review. No argument is filed for the respondent, and we can find no authority for such a summons as that on which the justice acted. The statute gives the right in certain cases to have the summons returnable in less than three days, but when so returnable it must be on the same day. In this case the summons issued cannot be sustained, and the proceedings must fall with it.

DAVIS, P. J., and DANIELS, J., concurred.

*Proceedings reversed.*